# Weil *versus* Frauenthal.

After the lapse of more than two years from the entry of judgment and issuing of a writ of fieri facias thereon, it is too late to take a writ of error, or certiorari, to review the subsequent action of the court below in refusing a motion to quash the fieri facias.

April 13th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

WRIT of error, and certiorari, to the Common Pleas of *Luzerne county :* Of July Term 1883, Nos. 1 and 2.

These writs were taken upon the refusal of the said court of a motion by A. B. Weil to quash a writ of fieri facias issued upon a judgment obtained by Samuel Frauenthal against said Weil and one Lowenstein.

The facts were substantially as follows : Samuel Frauenthal issued a landlord's warrant and levied on the goods of A. B. Weil, his tenant. Weil replevied the goods on March 11th 1870, and gave bond, with Lowenstein as surety. Before the trial of the replevin suit, Weil was adjudicated a bankrupt. Upon the trial, Weil was prepared to plead his discharge in bankruptcy, but by the arrangement of counsel for both parties, and for the purpose of fixing the liability of the surety, he permitted a verdict to be taken as follows :

" November 16th 1875, jury find for the defendant, S. Frauenthal, for return of the goods, and the amount of the rent due to S. Frauenthal and unpaid, ascertained to be $872.30."

The plaintiff (Weil) claimed that this was done with the understanding that he should be in no event liable on said judgment. On August 13th 1878, judgment was entered on the verdict, and on the same day a writ of fieri facias issued against Weil for $872.30 with interest and costs. Weil then moved to stay the writ, but the rule was discharged. He then filed a bill in equity to restrain Frauenthal from collecting the judgment, and the court of common pleas entered a decree perpetually enjoining Frauenthal from so doing. This decree was reversed by the supreme court, and the bill dismissed, on the ground that Weil having been heard on his motion to stay the fi. fa., the matter was res adjudicata and a bill in equity would not lie. (See Frauenthal's Appeal, 4 Out. 290.)

On October 18th 1882, Weil paid in court all costs, and moved to quash the writ of fieri facias as to debt and interest, on the ground that the value of the goods distrained upon had not been ascertained by the verdict of the jury, and that, therefore, the judgment would not support a fieri facias. This motion was refused by the court on March 31st 1883, where-

[Weil *v.* Frauenthal.]

upon Weil took this writ of error and certiorari, assigning for error the refusal of his motion to quash.

*Palmer, Dewitt & Fuller,* for the plaintiff in error.

*A. A. Ricketts,* for the defendant in error, presented no paper book, but moved to quash the writs of error and certiorari because they were issued more than two years after the entry of the judgment and issue of execution: Gordonier *v.* Billings, 27 P. F. S. 498.

The opinion of the court was filed April 23d 1883.

PER CURIAM. Both these writs are to the same judgment. It may be conceded that a verdict in replevin for a return of the goods and a finding of the rent due, without finding the value of the goods distrained, will not justify the entering of a judgment for a specific sum, and the issuing of a fi. fa. thereon. This case, however, does not rest on such a verdict alone. The record shows a judgment by consent for the defendant, not only for a return of the goods; but also for the amount of rent due and unpaid, ascertained to be $872.30. Thus the judgment by consent was for the sum specified. On the same day for reasons not clearly disclosed by the record the jury also rendered a verdict for the same sum, in language slightly different.

In August 1878, a fi. fa. issued on the judgment for the sum specified with interest and costs. In October 1882, the plaintiff paid all costs into court, and moved to quash the fi. fa. as to debt and interest. The refusal to quash that writ presents the only assignment of error. It is not necessary to refer to the other unsuccessful efforts made by the plaintiff to stay or set aside this execution. Nor is it now necessary to say that the judgment supported the fi. fa. to its full extent. The plaintiff admits it properly issued for the costs; such being the case, it could not be quashed.

The judgment for the sum specified was actually entered and execution issued thereon, more than two years before the plaintiff moved to quash. Under the statute limiting the time in which a writ of error and certiorari may issue, the plaintiff is now too late. We cannot review any irregularity in entering the judgment nor in issuing execution thereon.

The writ of error and the certiorari are both quashed.